STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                    DOCKET NO. AP-09-038

                                             Ṕᴬ ḟ - ᴠᴏᴿ - 3/ɪᴏ/ᴢ ᴏ/ᴏ


JOHN K. RUDOLPH, et al.,

            Plaintiffs


      v.                          **ORDER AND DECISION**



ALAN L. GOLICK, et al.,

            Defendants


      The plaintiffs reside in South Berwick in the Residential 3 zoning district on

property next to the real estate of defendants Alan Golick and Lisa Thompson. On July

20, 2009 the defendant property owners submitted an application for a building and use

permit for a "Horse Barn/Riding Arena" which would include a "70' x 210' Pole barn to

be used as a 50' x 70' Stall barn with 12 stalls, tack room, grain room, overhead hay

storage, attached to a 70' x 160' Riding arena." After the plaintiffs objected to the

request the South Berwick Code Enforcement officer granted the requested permit on

July 30, 2009.

      In August the plaintiffs filed a timely appeal to the South Berwick Board of

Appeals which promptly heard the appeal and issued its decision on September 17,

2009 denying the appeal. The Board's decision is well crafted, is both well focused and

comprehensive and allows for effective judicial review. An appeal from the Board's

decision has been filed, briefed and argued. It is, however, the Code Enforcement

Officer's decision that is the operative decision for review by this Court. *Mills v. Town of*

*Eliot*, 2008 ME 134, ¶13, 955 A.2d 258, 263 and South Berwick Zoning Ordinance at R135.

The needs and concerns of both sets of landowners are legitimate and understandable. The defendants demonstrated a willingness to make substantial accommodations to lessen the impact on their neighbors. Ultimately the desire for residential tranquility and the need for and desire to operate a small business conflict. The question is whether the defendants' proposed use is permitted in the R-3 zoning district. The answer to that question turns on how the proposed use is characterized.

The project would permit up to 12 horses to be boarded for compensation and would include indoor riding. The plaintiffs have argued that this proposal is either a prohibited "Commercial Recreation" facility or is a type of use not permitted under the ordinance, while the defendants argue that it is a form of permitted animal husbandry.

The record includes the South Berwick Zoning Ordinance which contains in Table A, R-148, a list of permitted and prohibited uses by zoning district. "Agriculture-Livestock" is permitted in the R-3 zone, Commercial Recreation including indoor recreation facilities is not. "Agriculture, Livestock" is defined, at R-47, as "See 'Animal Husbandry'" which is defined, also at R-47, as "The keeping of any domesticated animals other than household pets." "Commercial Recreation" is defined at R-50, as "Any commercial enterprise which receives a fee in return for the provision of some recreational activity, including but not limited to racquet clubs, health facility, amusement parks, golf courses, etc. ...."

The defendants' use has elements of both animal husbandry and commercial recreation and fits neither definition precisely. Horses are domesticated animals though the horses will be owned by others. The owners of the horses will pay a fee primarily for the care and feeding of the horses, but will have the opportunity to engage in the

2

"recreational activity" of horseback riding on the defendants' property as part of a comprehensive service. The scale of the defendants' proposed use is more modest than the examples of racquet clubs, amusement parks, golf courses and the like.

The Zoning Ordinance also lists the purposes of the various districts, see R-72-74. The R-3 district is designed "(1) To provide for distributed medium-density residential development in an area where land and transportation facilities are available and (2) To direct growth where it can be planned for the most reasonable use of community services." This contrasts with the entry, at R-73, for the R-4, Rural Residential District, which has a purpose, "To provide an area where agricultural and conservation uses are encouraged."

While this is a close question, I conclude that as a matter of law the better fit is to characterize the defendants' use as a commercial recreation facility rather than animal husbandry. They will be operating a business in a residential zone which receives a fee, which in part, allows the horse owners to engage in the recreational activity of horseback riding. They are not merely keeping their own animals for their own use in their own barn. Some commercial activity is permitted in the R-3 zone, this type is not.

The entry is:

Decision of July 30, 2009 of the South Berwick Code Enforcement Officer approving the building permit application of Alan Golick and Lisa Thompson is reversed.


Dated:        March 10, 2010

ATTORNEY FOR PLAINTIFF:
WILLIAM H. DALE, ESQ.
JENSEN BAIRD ET AL
PO BOX 4510
PORTLAND ME   04112

ATTORNEY FOR DEFENDANT TOWN OF SOUTH BERWICK
CHRISTOPHER L. VANIOTIS, ESQ.
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME   04104-5029

Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR DEFENDANTS
ALAN L. GOLICK & LISA THOMPSON
DURWARD W. PARKINSON, ESQ.
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043

3